IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Wendell C. Thompson, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 CV 6564 |
| | ) | |
| v. | ) | Judge Holderman |
| | ) | |
| Sheriff Patrick B. Perez, Lt. Carter, | ) | Magistrate Judge Mason |
| Lt. John Hickey, c/o Thomas Eby | ) | |
| Badge #468, Commander Keaty, | ) | |
| | ) | |
| Defendants. | ) | |

### Answer And Affirmative Defenses

Now comes the Defendant, Lt. Wayne Carter, by his attorney, John A. Barsanti, State's Attorney of Kane County, by his Assistant, Joseph Lulves, and for his answer to this complaint states:

On a preliminary note, Plaintiff's initial statement of claim regarding what lawsuits are pending between the parties is incomplete. Plaintiff has active the following lawsuits against Kane County Sheriff Patrick B. Perez and other Kane County officials:

      Federal suits:      Judge:

      a. 07 CV 4698      Holderman
      b. 07 CV 4970      Holderman
      c. 07 CV 6209      Holderman
      d. 07 CV 6563      Holderman
      e. 07 CV 6564      Holderman

      State suits in the Sixteenth Judicial Circuit, Kane County:

      f. 07 ARK 1026      Larson
      g. 07 ARK 1052      Larson

    h.  07 LK 465        Fabian
    i.  07 LK 543        Brawka
    j.  07 LK 568        Brown
    k.  07 LK 580        Brown
    l.  07 LK 614        Brawka
    m.  07 LK 615      Fabian
    n.  07 LK 665        Fabian
    0.  07 SCK 4693     Sullivan

1. On 5-18-07 I entered Kane County Jail, cell block 304. The majority were an organized group of Kings. The block was peaceful, but talk and actions differed.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

2. On 6-4-07 there were some changes made, but it was more like an experiment.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

3. They took a retired (and only GD) out, then put seven GD's in the cell block.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

4. We were locked down while the officers escorted them in the cell block. After the moves the officers made an exit, then opened all of our doors as the watched from outside.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

5. Within one minute Marcus Hill was hit in the face, and there was a stand off Kings vs. GD's. The officers immediately placed us on lock down and began video taping.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

6. Within an hour the power went out, and some doors popped open. We were ordered back inside our cells.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

7. The two occupants in F cell Enrique Torres and Rivera (real name unknown) refused to return to their cells.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

8. They were told they would get a free phone call as an agreement with Lt. Hickey to return to their cell.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

9. I had requested my court ordered phone call and was told I would get it earlier, but at that time I reconfirmed my call. They received their call, I was refused.

ANSWER:  Defendant has insufficient information with which to form a belief as to the truth of this averment.

10.  The officers were suppose to mix the cell blocks according to bond amounts.

ANSWER:  Defendant has insufficient information with which to form a belief as to the truth of this averment, with the note that bond amounts are only one of several factors applied in determining cell block inmate placement.

11.  Placed were seven GD's, on the block, already after the one move were eight Kings, one Stone, two neutrals.

ANSWER:  Defendant has insufficient information with which to form a belief as to the truth of this averment.

12.  It is funny there were only those seven GD's in the bond amount they were seeking.

ANSWER:  Defendant has insufficient information with which to form a belief as to the truth of this averment.

13.  Note, Kings and GD's do not get along at all when I addressed this issue with the officer Eby, response was, they will get along here or you will continue being on lock down. When ask why I was in the middle as a neutral I was told I wasn't the only one.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment, but does recall general conversations with inmates at the time. Defendant denies Plaintiff is a neutral.

14.. Charles Nash was at least moved but returned because he felt safer in 304.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

15. Myself (ex-Blackstone) believe jail thought I was affiliated. No shower, no phone, no razor, no privileges were received.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

16. We were told we would get off lockdown 6-6-07.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

17. That morning Alverez (first name unknown) threatened to kill himself, and was removed from block.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

18. Later his cell mate did the same thing.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

19. Then later that night Tyne Bryson threatened to kill himself. It seemed as if they (Kings) knew something no one else did.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

20. Later on 6-6-07 they did a shake down before letting us off lockdown.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

21. The officers found a numerous shanks inside Cell F belonging to Torres and Rivera, then more in a vent by the toilet.

ANSWER; Defendant has insufficient information with which to form a belief as to the truth of this averment.

22. This was video recorded by C/O Hughes.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

23. It was a relief because I had been compromised with commissary by Kings.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

24. I refused offer knowing I was now in danger. After all request to move things back as they were it finally happened after endangering many lives.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

6

25.     Inmates that resided in cell block 304 originally were Wendell Thompson, Charles Nash, Antwan Stewart, Tyne Bryson, Sam, Alverez, Pac Man, Wedo, Silent, Rivira, (whole or real names unknown).

ANSWER:   Defendant has insufficient information with which to form a belief as to the truth of this averment.

26.     Officers communicated with during 6-4-07 and 6-7-07 were Lt. Carter, Lt. Hickey, Officer Eby and Commander Keaty.

ANSWER:   Defendant has insufficient information with which to form a belief as to the truth of this averment, except to admit Defendant recalls general communications with Plaintiff.

27.     All GD's which were brought to 304 were Ataveus Lowe, Akil Taylor, Dlantic Baldwin, Marcus Hill, Ina LaRon Spates, Triston Bonds, Sam Ball.

ANSWER:   Defendant has insufficient information with which to form a belief as to the truth of this averment.

28.     All inmates experimented with were African American or Mexican.

ANSWER:   Defendant has insufficient information with which to form a belief as to the truth of this averment.

29.     If the block was suppose to be mixed according to bond amounts there should been a verity of ethnic groups and people moved from more than one cell block which was 302.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment while noting that there are many factors taken into account in determining inmate cellblock placement.

30. In conclusion, I don't believe this type of experiment was done in any other cell block, at this time.

ANSWER: Defendant denies this was an experiment and denies that this was the only cellblock treated in this manner.

31. 6-7-07 cell block 304 was shut down and myself and Charles Nash were the only originals from 304.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

32. Staff moved us and those seven GD's back across to 302 without escort and without locking the inmates down as they did during the moving of the GD's to 304.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

33. On 6-18-07 moves were made by Officer C/O Eby.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

34. A statement was made by C/O Eby to an inmate Bonds, "Keep talking and I'll put you in a cell block full of Kings."

8

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

35. During these moves to fill block 304 this time there was a racial mixture as well as an organizational (affiliation) mixture.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

36. There should have been a shake down before the mixture was attempted.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

37. The mixture should not have been only seven GD's transferred to a block of eight Kings, one Blackstone (first cousin to Kings) two neutrals, one Wendell Thompson being Ex-Blackstone and other neutral Charles Nash with a crown on chest (King insignia).

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

38. The entrance of the GD's should have been like any other there should not have been any locking down of occupants during GD's entrance nor an escort then an exit by staff.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

39. Before allowing group to mix staff knew there would be a problem and removed themselves from danger.

ANSWER: Defendant denies knowing of any danger.

40. I had let the Officer Eby know ahead of time that his would not work because of what I knew from actions and talk I heard while an occupant of that block.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

41. The GD's refused when told to go from 302 to 304. They were placed on lock down and were forced to cooperate.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

42. That same day Artaveus Lowe went to visit with his attorney Julie Darr (which will testify on Plaintiffs behalf) then was moved the next day to another county against court order.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

43. Lowe's attorney had questioned the facility.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

44. Now after this horrifying experiment I fear sleeping around gang members especially when oppositions are together. I also look out the shower while bathing, and sit with my back against a wall.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

45. Surely this isn't just a fear of mine alone. I'm sure other share the same fear.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

46. I also spoke with Sheriff Perez. He was to get back with me but never did.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

47. To my knowledge nothing was done about this incident. My conversation with Sheriff Perez was approximately 6-14-07.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

## Affirmative Defenses

48. For his First Affirmative Defense, Defendant is entitled to qualified immunity as none of his actions violated any clearly established law or constitutional right of the Plaintiff.

49.     For his Second Affirmative Defense, Defendant states that Plaintiff has failed to exhaust the administrative remedies available to him, as required by the Prison Litigation Reform Act, which mandates that "no action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or any other Federal law, by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997a(e).

WHEREFORE the Defendant asks this Court for an order of judgment in his favor and against the Plaintiff on all counts of this Complaint.

> Respectfully submitted,
> Lt. Wayne Carter by:
>
> /s/ Joseph F. Lulves
> Joseph F. Lulves
> Assistant State's Attorney

John A. Barsanti
State's Attorney, Kane County
Joseph Lulves
Assistant State's Attorney
100 South Third Street
Geneva, IL  60134
(630) 208-5320
Attorney No.: 6197008